Daniel M. Cislo, Esq., No. 125,378
  *dan@cislo.com*
Kelly W. Cunningham, Esq. No.186,229
  *kcunnhingham@cislo.com*
C. Wook Pak, Esq., No. 244,780
  *wook@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiffs,
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and SONOSIM, INC.

JENNIFER TRUSSO, No.198,579
jennifer.trusso@troutmansanders.com
JENNY KIM, No. 282,562
jenny.kim@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400 Irvine, CA 92614-2545
Telephone: (949) 622 2700
Telefax: (949) 622 2739

Attorneys for Defendants,
MEDAPHOR LIMITED and MEDAPHOR
NORTH AMERICA, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and SONOSIM, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MEDAPHOR LIMITED, a U.K. limited liability company, and MEDAPHOR NORTH AMERICA, Inc., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:16-CV-2847-GW(MRWx)<br><br>[Hon. George H. Wu]<br><br>**ORDER ENTERING STIPULATED PROTECTIVE ORDER** |

29069934v2

# [PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER

## I. Purposes and Limitations

1.1 Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order.

1.2 **Good Cause Statement**: Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause. The Parties respectfully believe that good cause exists to enter the instant Protective Order to protect confidential, proprietary or private information from public disclosure. The confidential, proprietary or private information at issue includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. Both parties wish to maintain as confidential business information such information as sales data, customer lists, cost-of-goods sold, pricing, manufacturing agreements, license agreements, information and materials that qualify as trade secrets under California Civil Code § 3426.1, and other, similar information that must necessarily be protected from disclosure to opposing parties and/or other competitors in the market, so as to avoid significant competitive harm.

Resolution of liability issues and the associated damages analysis may require evidence of sales information, cost information, any marketing information or research, and customer lists, at a minimum, to be disclosed, at minimum, to opposing counsel. This Protective Order is geared towards allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties.

BASED ON THE FOREGOING, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

29069934v2

## II. Definitions

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: proprietary information (regardless of how it is generated, stored or maintained) or tangible things that of the Designating Party that is not generally known to the public and that the Designating Party would not disclose to competitors or third parties within the ordinary course of business.

2.3 Counsel (without qualifier): Outside Counsel of Record and In House Counsel for the parties (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information and items may include, but are not necessarily limited to, sales data, customer lists, cost-of-goods sold, pricing, market research, and manufacturing agreements, licensing agreements, information and materials that qualify as trade secrets under California Civil Code § 3426.1, technical or competitive information, information that the designating party bears an obligation of confidentiality to a third party, and other similar information and items.

29069934v2

2.7  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8  Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9  In House Counsel: attorneys who are employees of a party to this action.

2.10  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, attorneys and Outside Counsel of Record (and their support staffs).

2.11  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the terms of paragraphs 2.2 and 2.6 above.

2.14  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.  Scope

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

29069934v2

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV. Duration

4.1 Confidential Designations at Trial: The parties understand that the Court presumptively does not allow for confidentiality designations to be maintained at trial. Should either of the parties believe that any of the information or items disclosed in this action that have been designated by either party as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY requires that such level of protection be maintained at trial, the parties will separately apply to the Court for such relief sufficiently in advance of trial to allow for a motion to be filed, if necessary, and a hearing and order on such motion to occur. Any such request to maintain any information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY for trial shall specifically identify and enumerate the information or item(s) sought to be so protected at trial, and specifically articulate the need to maintain such information or item(s) as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY at trial.

29069934v2

4.2     Confidential Designations after Final Disposition:  Subject to Section 4.1, even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.     Designating Protected Material

5.1     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material.  For documents produced in their native electronic form, the designating party may embed the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name, whatever the case may be.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the

inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

  (b) With respect to deposition testimony or other pretrial testimony, in the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Discovery Material shall be made (i) by a statement on the record at the time of such disclosure by counsel for the deponent that such testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or (ii) by written notice, sent by counsel for the deponent to all counsel for all Parties on or before the end of the thirty (30) days after receiving a copy of the transcript thereof. All deposition transcripts prepared in the action shall be deemed to be HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY in their entirety until the end of thirty (30) days after their receipt by counsel for the producing Party.  Thereafter, only those portions of the deposition transcripts prepared in the action which have been designated by the producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY will be treated as such pursuant to the provisions of this Protective Order.

  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any

29069934v2

way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - - ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

**5.2** Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.  Challenging Confidentiality Designations

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## VII.  Access to Designated Material

**7. 1  Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

8

29069934v2

**7.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**7.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**7.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**7.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**7.2.4** The Court and its personnel;

**7.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**7.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**7.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**7.3 Disclosure of HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL — SOURCE CODE Material Without Further Approval**. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL —

29069934v2

ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE without further approval only to:

**7.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**7.3.2** The Court and its personnel;

**7.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**7.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**7.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**7.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In- house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL — SOURCE CODE.

**7.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY

29069934v2

CONFIDENTIAL — SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**7.4.3** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in- house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**7.4.4** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

29069934v2

# VIII. Source Code

**8.1 Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL — SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**8.2 Location and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL — SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

**8.3 Paper Copies of Source Code Excerpts**. The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL — SOURCE CODE."

**8.4 Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition

29069934v2

shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

### IX. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material -- and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

29069934v2

# X. A Non-Party's Protected Material Sought to be Produced in this Litigation

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party

29069934v2

shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII. Inadvertent Production of Privileged or Otherwise Protected Material

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the protective order entered by this Court.

## XIII. Miscellaneous

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

29069934v2

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 79-5 unless otherwise instructed by the Court.

## XIV. Final Disposition

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

29069934v2

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration).

**PURSUANT TO THE STIPULATION OF THE PARTIES THROUGH THEIR COUNSEL OF RECORD, IT IS SO ORDERED.**

Date:  October 14, 2016                                        /S/ Michael R. Wilner
                                                                         United States Magistrate Judge

29069934v2

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read and fully understand the Stipulated Protective Order (the "Order") in the case entitled, *The Regents of the University of California, et. al., v. MedaPhor Limited, et. al.,* United States District Court for the Central District of California, Case No. 2:16-CV-2847-GW (MRWx) (the "Lawsuit").  I agree to comply with and be bound by the Order and by such other orders as the Court may make regarding discovery of Confidential Information, as defined in the Order.  I agree that I will not disclose, either directly or indirectly, any Confidential Information, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –ATTORNEY'S EYES ONLY as defined in the Order, or the contents thereof, to any person or in any manner not specifically authorized by the Order.  I agree that I will not copy or use any such designated information except solely for the purposes of the Lawsuit and I will return any Confidential Information and any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY and all copies thereof within sixty days of the termination or the final disposition of the Lawsuit as set forth in the Order.  I agree that I will not distribute copies of, or provide access to, any Confidential Information, or information designated as CONFIDENTIAL or

///
///
///

1

29069934v2

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY to any person, either directly or indirectly, except as set forth in the Order. I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Order.

_____
Signature

_____
Printed Name/Title

_____, 2016
Date

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 Wilshire Boulevard
Los Angeles, CA 90025-7103
Telephone: (310) 451-0647  Facsimile: (310) 394-4477

2

29069934v2

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court.

I hereby certify that on October 14, 2016, I caused the foregoing document to be served by the Court's Electronic Filing System:

Jennifer Trusso Salinas
jennifer.trusso@troutmansanders.com
Jenny S. Kim
jenny.kim@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: (949)-622-2700
Fax: (949)-622-2739

☒ **FEDERAL**: I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 14, 2016, at Los Angeles, California.

/s/Kaelie Sylvester
Kaelie Sylvester

29069934v2